IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITE PINE INSURANCE COMPANY, | CIVIL ACTION NO. 2:23-cv-1707 |
| Plaintiff, | |
| v. | |
| CHASE'S AUTO SALVAGE LLC and JOSEPH M. COX, II, | |
| Defendants. | |

## COMPLAINT

Plaintiff, White Pine Insurance Company ("White Pine"), by and through its counsel, White and Williams LLP, hereby files this Complaint against Defendants, Chase's Auto Salvage LLC ("Chase's Auto") and Joseph M. Cox, II ("Cox"), and states as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. § 2201 related to insurance coverage for an underlying lawsuit brought by Cox against Chase's Auto and others to recover for personal injuries allegedly arising out of an accident involving a truck in which Cox was a passenger. Chase's Auto, which is alleged to have owned and/or controlled the truck, is being defended in the underlying lawsuit by White Pine in accordance with the terms of a commercial auto liability insurance policy issued by White Pine to Chase's Auto. Although the White Pine policy provides for a general limit of liability of $100,000 per accident for bodily injury, the limit of liability for bodily injury to passengers of an auto operated by an insured is $15,000 pursuant to the express terms of an endorsement in the policy. Cox and/or Chase's Auto, however, have not agreed that coverage under the policy for liability of Chase's Auto in the

Underlying Action is limited to $15,000, giving rise to an actual controversy. White Pine, therefore, seeks a declaration that the limit of liability under the White Pine policy applicable to the underlying lawsuit is $15,000.

## THE PARTIES

2. White Pine is a corporation organized under the laws of Michigan, with its principal place of business located at 3001 West Big Beaver Road, Suite 200, Troy, Michigan 48084.

3. Upon information and belief, Chase's Auto is a Pennsylvania limited liability company, with its place of business located at 1324 Wampum Road, Ellwood City, Pennsylvania 16117.

4. After a reasonable attempt to determine the identities of the members of Chase's Auto, which included a review of court filings and other public records, White Pine believes, and therefore alleges in good faith, that no member of Chase's Auto is a citizen of Michigan. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015).

5. Upon information and belief, Cox is an adult individual who resides at 369 Walnut Lane, New Galilee, Pennsylvania 16141. White Pine names Cox as a Nominal Defendant herein for the purpose of seeking declaratory relief.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This Court also has jurisdiction of this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because at least one of the Defendants resides in this district, the Underlying Action is pending in a state court located within this district, and the Underlying Action alleges events and omissions that took place within this district.

## FACTS

### A. The Underlying Action

9. On or about February 18, 2020, Cox commenced a lawsuit against Chase's Auto and other defendants, captioned *Cox v. Cemex, Inc., et al.*, No. 10132-2020, Court of Common Pleas, Lawrence County, Pennsylvania (the "Underlying Action").

10. On or about December 14, 2020, Cox filed an Amended Complaint in the Underlying Action. A true and correct copy of Cox's Amended Complaint (the "Underlying Complaint") is attached hereto as Exhibit A.

11. The Underlying Complaint alleges that, on or about July 28, 2018, Cox was a passenger in the front seat of a 2000 FL70 freightliner flatbed truck (the "Truck") traveling on a state road in Lawrence County, Pennsylvania. *See* Underlying Compl. ¶¶ 14, 25.

12. The Underlying Complaint further alleges that, at all times material to the Underlying Action, the Truck was owned and/or controlled by Chase's Auto and operated by Chase Laszlo ("Laszlo") individually and/or in his capacity as officer, agent, servant, representative and/or employee of Chase's Auto. *See* Underlying Compl. ¶¶ 26 & 27.

13. According to the Underlying Complaint, the accident occurred when Laszlo accelerated the Truck towards the right side of the roadway to avoid an oncoming vehicle, causing the front portion of the Truck, as well as the area of the Truck occupied by Cox, to be struck and impaled by a tree. *See* Underlying Compl. ¶¶ 28 & 29.

14. The Underlying Complaint further alleges that, as a result of the foregoing, Cox sustained "serious and debilitating personal injuries." *See* Underlying Compl. ¶ 30.

**B.     The White Pine Policy**

15. White Pine issued commercial auto insurance policy number WPCS002989 to Chase's Auto Salvage LLC as Named Insured for the policy period November 22, 2017 to November 22, 2018 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

16. The Covered Autos Liability Coverage Part of the Policy provides coverage for all sums an "insured" legally must pay as damages because of "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". *See* Policy, Business Auto Coverage Form, Section II.A.

17. The Business Auto Coverage Form Declarations of the Policy provide that the Covered Autos Liability Coverage is limited to $100,000 for any one accident or loss. *See* Policy, Commercial Auto Coverage Part, Business Auto Coverage Form Declarations.

18. The Policy also contains an "Amendatory Endorsement – Occupant Hazard" (Form CX6320 (10-15)) (hereinafter, the "Occupant Hazard Endorsement") that specifically limits coverage for injuries suffered by passengers while in an auto operated by the insured. It states:

> The following is added to SECTION II., C. Limit of Insurance of the Business Auto Coverage Form and the Motor Carrier Coverage Form and SECTION I – COVERED AUTOS COVERAGES, D. Covered Autos Liability Coverage, 5. Limits of Insurance – Covered Autos Liability and SECTION II – GENERAL LIABILITY COVERAGES, F. Limits of Insurance – General Liability Coverages of the Auto Dealers Coverage Form:
>
> In the event of "bodily injury" sustained by any "passenger" while in, upon, entering, or alighting from an "auto" that is operated by an "insured", the limit of insurance is amended to the compulsory or

>financial responsibility law limit where the "auto" is principally garaged.
>
>The following is added to SECTION V. DEFINITIONS of the Business Auto Coverage Form, Motor Carrier Coverage Form and Auto Dealers Coverage Form:
>
>>"Passenger" means any person that is not an "employee" who is occupying or attempting to occupy an "auto".
>>
>>"Passenger" does not include customers of the "insured".

19. Upon information and belief, the Truck was principally garaged in Pennsylvania at the time of the incident described in the Underlying Complaint.

20. Under Pennsylvania's Motor Vehicle Financial Responsibility Law (the "MVFRL"), the compulsory or financial responsibility limit for injury to one person in any one motor vehicle accident is $15,000. *See* 75 Pa.C.S. § 1702 (defining "financial responsibility").

## C. **The Coverage Dispute**

21. In accordance with the terms of the Policy, White Pine is providing a defense to Chase's Auto in the Underlying Action.

22. White Pine contends that, pursuant to the terms of the Occupant Hazard Endorsement, coverage provided under the Policy for liability of Chase's Auto for Cox's alleged injuries is limited to $15,000.

23. Upon information and belief, Chase's Auto and/or Cox do not agree that coverage under the Policy is limited to $15,000.

## COUNT ONE – DECLARATORY JUDGMENT

24. White Pine incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

25. An actual controversy exists between the parties regarding the limit of liability applicable under the Policy to Cox's injuries alleged in the Underlying Complaint.

26. Pursuant to the express terms of the Occupant Hazard Endorsement in the Policy, coverage for "bodily injury" to "passengers" of an "auto" operated by an "insured" is limited to $15,000, which is the compulsory or financial responsibility limit prescribed in section 1702 of the MVFRL.

27. Upon information and belief, Cox and/or Chase's Auto do not agree that the limit of liability under the Policy applicable to the claims against Chase's Auto in the Underlying Action is $15,000.

28. As such, White Pine is entitled to a declaration regarding the limit of liability under the Policy applicable to Cox's injuries, as alleged in the Underlying Complaint.

**WHEREFORE**, White Pine respectfully requests that the Court:

A. declare that the limit of liability applicable under the Policy to Cox's injuries, as alleged in the Underlying Complaint, is $15,000; and

B. grant White Pine such other and further relief as may be necessary and appropriate under the circumstances.

> WHITE AND WILLIAMS LLP
>
> /s/Paul A. Briganti
> Gregory T. LoCasale
> Paul A. Briganti
> 1650 Market Street
> One Liberty Place, Suite 1800
> Philadelphia, PA  19103-7395
> 215.864.7000
>
> locasaleg@whiteandwilliams.com
> brigantip@whiteandwilliams.com
>
> Attorneys for Plaintiff,
> White Pine Insurance Company

Dated: September 29, 2023